# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re:<br><br>BRIAN G. FLEURY,<br><br>    Debtor. | Case No.   07-10970-RGM<br>(Chapter 7) |
| HALE, CARLSON & PENN, PLC,<br><br>    Plaintiff,<br><br>vs.<br><br>BRIAN G. FLEURY, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 07-1101 |

## MEMORANDUM OPINION

THIS CASE is before the court on the cross motions for summary judgment filed by Hale, Carlson & Penn, PLC, a law firm that represented the debtor in a pre-petition domestic relations matter, and by the chapter 7 trustee. (Docket Entries 9 & 13.) The parties dispute ownership of $7,704.00 owed by a third party under a state court order and paid to the trustee. In addition, the law firm claims an attorney's lien under Virginia law against the funds.

## Background

The case arises from a domestic relations dispute before the Juvenile & Domestic Relations District Court of Fairfax County (the "Fairfax County Case"), in which the debtor and his non-debtor former spouse litigated issues concerning the custody of their child. The law firm represented the debtor in the Fairfax County Case and is owed attorneys' fees on account of the services it rendered.

1

The center of controversy in this adversary proceeding is an order entered on March 19, 2007, in the Fairfax County Case (the "March 19 Order"). In pertinent part, the order provides that "[The debtor's former spouse] shall pay to [the debtor] fees and costs in the amount of $7,704.00 payable within six months of December 19, 2006." March 19 Order ¶ 2. The debtor filed a petition under chapter 7 after entry of the March 19 Order and, subsequently, the debtor's former spouse paid the disputed $7,704.00 to the trustee. The trustee holds these funds pending the resolution of this adversary proceeding.

In their cross motions for summary judgment, the law firm and the trustee both assert that they are the rightful owners of the $7,704.00 awarded under the March 19 Order. The trustee contends that the March 19 Order granted the debtor his fees and costs and that upon the commencement of this bankruptcy case, the debtor's right to the $7,704.00 became property of the bankruptcy estate under Bankruptcy Code §541. The law firm disagrees, arguing that the money was for reimbursement of attorneys' fees incurred on the debtor's behalf and that the parties to the Fairfax County Case understood that the funds were to be paid to the law firm. At the hearing on the motions, the law firm also asserted an attorney's lien against the funds.

**Standard**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c), made applicable by Fed.R.Bankr.P. 7056. In determining whether there is a genuine dispute of material fact, the court will "construe the facts of the case in the light most

2

favorable to the non-moving party." *In re Wallace & Gale Co.*, 385 F.3d 820, 828 (4th Cir. 2004).

## Discussion

The court must first determine to whom the $7,704.00 awarded in the March 19 Order and held by the trustee belongs. If the funds belong to the debtor, they became property of the estate, and the court must then determine whether the law firm properly perfected its attorney's lien against the funds.

### A. Ownership of Funds

The parties agree that resolution of the first question presented turns on the March 19 Order. Under Virginia law, "[c]ourt orders are subject to the same rules of construction that apply to other written instruments." *Lovell v. McGuire*, 2003 WL 1218126, *3 (Va. App. Mar. 18, 2003) (citing *Shultz v. Hansbrough*, 76 Va. 817 (1882)). The Fourth Circuit has instructed that when a case turns on the construction of an unambiguous written instrument, that is, an instrument whose terms are not susceptible to two reasonable interpretations, the case is ripe for resolution on summary judgment. *See World-Wide Rights Ltd. P'ship v. Combe Inc.*, 955 F.2d 242, 245 (4th Cir. 1992).

The dispositive provision of the March 19 Order read in the context of the entire order awards the fees to the debtor and not to the law firm. The plain language of numbered paragraph 2 of the order unambiguously requires the debtor's ex-spouse to "pay ***to [the debtor]*** fees and costs in the amount of $7,704." March 19 Order ¶ 2 (emphasis added). The award was to the debtor and not to the debtor's attorneys in the Fairfax County Case. Although the March 19 Order states that the amount awarded is for fees and costs, there is no room to construe the relevant provision as

3

awarding the money to the law firm. Furthermore, this straightforward plain meaning interpretation of the March 19 Order comports with the remainder of the order. In the recitals prior to the numbered paragraphs, the Juvenile & Domestic Relations District Court made it clear that "[The debtor] should be awarded *his* attorney's fees and costs in the amount of $7,704.00" (emphasis added). Nowhere in the March 19 Order is it suggested that the monies were to be paid to the law firm or were being paid to the debtor for the benefit of the law firm.[1]

The law firm's argument that the parties understood or intended the March 19 Order to mean something other than what it clearly states is unavailing. A "trial court speaks only through its written orders," *Rose v. Jacques*, 268 Va. 137, 147, 597 S.E.2d 64, 70 (2004), and where the order is clear on its face, courts do not inquire further. *Cf. Ogunde v. Commonwealth*, 271 Va. 639, 644, 628 S.E.2d 370, 372 (2006).

The Court of Appeals of Virginia faced a similar situation in *Goudreau v. Goudreau*, 2001 WL 766263 (Va. App. July 10, 2001), and likewise found intent-based arguments that contradicted the plain language of a court order to be unpersuasive. *Goudreau* involved the interpretation of a child custody order. On its face, the order granted the father visitation one weekend a month and over any long weekends during the school year. The mother contended that the parties understood and intended the order to mean that in months during the school year with a long weekend, the father was entitled to have visitation over the long weekend in satisfaction of his one-weekend-a-month visitation. The Court of Appeals disagreed, finding the plain language of the visitation order to give

---

[1] The state court did not purport to determine whether the law firm had been paid by the debtor and if so, how much. It did not endeavor to determine, as between the debtor and the law firm, who was entitled to the fees awarded – the law firm because it had not been paid or the debtor to reimburse him for attorney's fees already paid. The law firm properly points out Va.Code (1950) §54.1-3923 which fully protects the law firm if there is a dispute between the debtor and the law firm as to the payment of the attorney's fees.

4

the father both monthly visitation rights as well as visitation rights over any long weekends during the school year. It rejected the mother's argument that the parties intended something other than what was set forth in the court order:

> While mother may have intended the Custody Order to limit father's visitation . . . to once a month, this intent is not a part of the Custody Order which is complete and unambiguous. Any ambiguity is created, not by the words of the Custody Order, but rather by mother's alleged intent asserted to change the Custody Order in her favor.

*Id.* at *3.

Here, the law firm would have the court rely on its motion for summary judgment and the affidavit attached thereto to vary the plain meaning of the March 19 Order in accordance with some purported alternative intent. The court cannot do so. The March 19 Order unambiguously awards $7,704.00 to the debtor individually. This money judgment became property of the bankruptcy estate by operation of Bankruptcy Code §541, and the money was properly turned over to the trustee.

### B. Attorney's Lien

Having determined that the $7,704.00 is property of the estate, the court must resolve the second question of whether the law firm has an attorney's lien against the funds.

Under Virginia law, an attorney is given a lien against his client's cause of action "sounding in tort, or for liquidated or unliquidated damages on contract or for a cause of action for annulment or divorce," Va.Code (1950) §54.1-3932(A), as security for the attorney's fees for services rendered.[2]

---

[2] Virginia Code (1950) §54.1-3932(A) explicitly provides an attorney's lien against a client's cause of action for annulment and divorce. While the statute does not expressly include claims relating to child custody or child support, the court will assume, for purposes of this opinion, that such claims are subject to the attorney's lien. Among other things, the statute gives the court in an annulment or divorce case discretion to "exclude spousal and child support from the scope of the attorney's lien," Va. Code (1950) §54.1-3932(B), which implies that claims for child support generally come within the attorney's lien provision. The Fairfax County Case appears to have involved, among other things, claims
(continued...)

Section 54.1-3932(A) is a two-part statute. The lien arises if the cause of action is one of those enumerated in the statute. But the lien is protected only if written notice of the lien is given to the opposing party: "When any such contract is made, ***and written notice of the claim of such lien is given to the opposite party***, his attorney or agent, any settlement or adjustment of the cause of action shall be void against the lien so created, except as proof of liability on such cause of action." Va.Code (1950) §54.1-3932(A) (emphasis added); *see Military Circle Pet Center #94, Inc. v. Docktor Pet Holdings, Ltd. (In re Military Circle Pet Center #94, Inc.)*, 181 B.R. 282, 287-88 (Bankr.E.D.Va. 1994) (discussing operation of the attorney's lien statute). Thus, an attorney's lien is perfected only if the attorney provides written notice of the lien to the opposing party or its attorney or agent. *See generally Fary v. Aquino*, 218 Va. 889, 241 S.E.2d 799 (1978) (holding under prior law that where the attorney gave notice of the lien to the opposing party, the lien became duly perfected and was protected despite the client's assignment of his rights to a third party). Where the attorney fails to properly perfect his lien by giving the written notice required by the statute, the attorney enjoys no priority over any other claim against the property. *See Military Circle Pet Center*, 181 B.R. at 288.

In this case, to prevail against the trustee on its lien theory, the law firm must show that it complied with the attorney's lien statute by giving written notice to the debtor's former spouse who was the opposing party in the Fairfax County Case, or her attorney, of its attorney's lien. On the pleadings and affidavits in this case, the court is unable to determine whether such notice was properly given prior to the debtor's bankruptcy case. *See* Bankruptcy Code §362(a)(4) (automatic

---

²(...continued)
for child support as the April 11, 2006 order attached by the law firm to its summary judgment motion required the debtor to pay $243.00 in monthly child support.

stay applies to "any act to create, perfect, or enforce any lien against property of the estate"). Thus, there is a dispute over a genuine issue of material fact, which precludes summary judgment at this juncture in the proceedings. *See* Fed.R.Civ.P. 56(c). This resolution of this fact may be susceptible to resolution on a further motion for summary judgment, but cannot be reached on the record before the court.

The chapter 7 trustee's motion for summary judgment will be granted. The law firm's motion for summary judgment will be denied on the issue of ownership of the money awarded in the March 19 Order and will be denied without prejudice on the issue of the attorney's lien.

Alexandria, Virginia
October 18, 2007

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copies electronically to:

Robert M. Gants
Thomas P. Gorman

13736